UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-80166-RUIZ

UNITED STATES OF AMERICA,
        Plaintiff,
v.

TIFFANY CANDOFF,
        Defendant.
_____/

## MOTION FOR DOWNWARD VARIANCE

Defendant Tiffany Candoff, through counsel, respectfully requests that this Honorable Court vary downward from the advisory guideline range recommended in the draft Presentence Investigation Report (PSR) pursuant to 18 U.S.C. § 3553 and *United States v. Booker*, 543 U.S. 220, 125 (S. Ct. 738 (2005)). Defendant offers the following as grounds in support thereof.

1. On October 21, 2021 a federal grand jury sitting in the Southern District of Florida charged the Defendant by way of Indictment with: one count of conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; and two counts of attempted possession with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 846. Ms. Candoff faces the possibility of up to 40 years in prison as to each count. Each of the three counts carries a statutory minimum mandatory sentence of 5 years. ECF No. 13.

2. On April 25, 2022 Ms. Candoff entered into a plea agreement with the Government in which the parties agreed to jointly recommend that this Honorable Court impose a sentence without regard to any statutory minimum sentences applicable to Defendant. ECF No. 29 at pp. 4-5, para. 7.

1

3. As discussed in the plea agreement [ECF No. 29], the Government agrees not to object to a two level reduction in Ms. Candoff's guideline offense level pursuant to USSG § 5C1.2. ECF No. 29 at p. 5, para. 8.

4. On April 27, 2022 Ms. Candoff entered a guilty plea to Counts 1, 2, and 3 of the Indictment before the Honorable U.S. District Judge Rodolfo A. Ruiz II. ECF No. 28.

5. Sentencing in this matter is set for July 6, 2022. ECF No. 31.

6. Ms. Candoff's biological mother was addicted to narcotics. When Tiffany was three years old her mother gave Tiffany up for adoption. Tiffany's school years were very turbulent and her adoptive parents subjected her to physical, emotional, and psychological abuse which is more fully described in the PSR. She was held out of school regularly and fell two grades behind her age group. Her parents would send Tiffany to group homes as punishment for minor transgressions.

7. From the time that she was 18, Tiffany was in a series of long term relationships spanning a period of eleven years with men who used and/or dealt drugs and with whom she took hard drugs almost continually. In 2008, when Tiffany was 15, Mike Harcarik, then 18, introduced her to multiple narcotics - with the exception of heroin. In 2012, when Tiffany was 21, James Kritch, then 26, introduced Tiffany to heroin and her life totally changed. Tiffany was addicted to heroin for the next nine years. Her drug use during this period included heroin, fentanyl, and methamphetamine and was so severe that it resulted in three overdoses. Her relationships also included instances of domestic violence.

8. The draft PSR recommends a guideline imprisonment range of between 108 to 135 months. Ms. Candoff respectfully requests that this Honorable Court vary below the advisory guideline range and sentence her to 63 months in the custody of the Bureau of Prisons.

9. The government opposes this motion.

## Memorandum of Law and Incorporated Argument

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court excised the statutory provision of 18 U.S.C. § 3553 that made the Sentencing Guidelines mandatory, thereby rendering them advisory. Id. at 244-46. While this Court must still correctly calculate the guideline range, there is no presumption that a guideline sentence is a reasonable and appropriate sentence. *Gall v. United States*, 552 U.S. 38, 49-50, 128 S.Ct. 586, 597 (2007). The Court must make an individualized assessment based on the facts presented. Id. When fashioning such a sentence, the sentencing court must consider the factors set out in 18 U.S.C. § 3553(a). As Justice Ginsburg succinctly stated in *Kimbrough v. United States*,

> [T]he statute, as modified by *Booker*, contains an overarching provision instructing district courts to "impose a sentence sufficient, but not greater than necessary," to accomplish the goals of sentencing, including "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."

*Kimbrough v. United States*, 552 U.S. 85, 101 (2007) citing 18 U.S.C. § 3553.

In *Pepper v. United States* Justice Sotomayor quoted the language of Justice Kennedy in *Koon v. United States*: "[I]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crimes and punishment to ensue." *Pepper v. United States*, 131 S. Ct. 1229, 1239-40 (2011) (quoting *Koon*

*v. United States,* 518 U.S. 81, 113 (1996)). Further, the District Court must fashion a sentence that fits the offender and not merely the crime. Id. at 1240.

Justice Sotomayor continued, "[B]oth Congress and the Sentencing Commission thus expressly preserved the traditional discretion of sentencing courts "to conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come." *Pepper*, 131 S. Ct at 1240 (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)).

Congress gave sentencing Courts broad discretion in sentencing, "[I]n determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, *without limitation*, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law. *Pepper*, 131 S. Ct at 1240 (citing 18 U.S.C. § 3661) (emphasis added).

Tiffany Candoff is a young woman who resorted to the daily use of hard drugs when she was a teenager. Her narcotics addiction is undoubtedly the result of the unstable homelife during her formative years coupled with a succession of unhealthy romantic relationships with older men who provided her immediate and continual access to a variety of extremely addictive drugs.

Ms. Candoff recognizes that she faces a significant period of incarceration as a result of her actions. Her incarceration while on pretrial detention allowed her to get free of the constant presence of drugs in her system and she sincerely intends to avail herself of BOP's drug rehabilitation programs in order to solidify her current sober status. As a result of her arrest and detention she has also been able to finally break free of the ongoing control heroin has had on her life as well as the drug dependency encouraged by her series of romantic partners.

Imposing a sentence of 63 months reflects the seriousness of the offense, promotes respect for the law, provides a just punishment for Ms. Candoff's offense, affords adequate deterrence to criminal conduct, and protects the public. The requested sentence is sufficient, but not greater than necessary, to accomplish the aforementioned societal goals.

WHEREFORE, Ms. Candoff respectfully requests that this Honorable Court grant her a downward variance pursuant to the factors set out in 18 USC § 3553(a) and sentence her to 63 months in the custody of the Bureau of Prisons with a recommendation for the residential drug treatment program.

Respectfully submitted,

s/ **Robert W. Stickney**
Robert W. Stickney / Fla. Bar No. 883130
Counsel for Defendant
100 S.E. 3rd Avenue, Suite 2210
Fort Lauderdale, Florida 33394
Ph: (954) 767-8908
E-mail: rws@sticknaylaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed by CM/ECF this 23rd day of June 2022.

Respectfully submitted,

s/ **Robert W. Stickney**
Robert W. Stickney / Fla. Bar No. 883130
Counsel for Defendant
100 S.E. 3rd Avenue, Suite 2210
Fort Lauderdale, Florida 33394
Phone: (954) 767-8908
E-mail: rws@sticknaylaw.com