UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-80166-RUIZ

UNITED STATES OF AMERICA,
         Plaintiff,
v.

TIFFANY CANDOFF,
         Defendant.
_____/

**DEFENDANT CANDOFF'S AMENDED
OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

The parties conferred regarding facts and arguments contained in Ms. Candoff's PSR Objections [ECF No. 36]. Counsel determined that it was necessary to clarify certain facts and remove unnecessary arguments relating to Ms. Candoff's role in the offense. Pursuant to Federal Rules of Criminal Procedure Rule 32(f), Defendant Tiffany Candoff amends her objections to the Presentence Investigation Report ("PSR") [ECF Nos. 33, 38].

**Factual Objections**

Counsel for Ms. Candoff discussed all factual objections with Senior United States Probation Officer Hill. All of Ms. Candoff's factual objections have been resolved.

**Objection Requesting Downward Adjustment for Mitigating Role**

Ms. Candoff respectfully objects to PSR paragraph 38 which recommends that no adjustment for role should be applied in this case. There were several other participants in the charged criminal activity and Ms. Candoff was a minor participant when compared to most other participants. The other participants include: the narcotics manufacturer; the person who supplied the narcotics to Ms. Candoff; and the ultimate purchaser of the narcotics in Melbourne, Florida who intended to further distribute the narcotics as part of the Drug Trafficking Organization.

1

The Guidelines define "participant" in the commentary to USSG § 3B1.1 as "a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (e.g., an undercover law enforcement officer) is not a participant." USSG § 3B1.1, cmt. n.1. The Eleventh Circuit relies on this note to define "participant." United States v. Zada, 706 F. App'x 500, 509 (11th Cir. 2017) (quoting U.S.S.G. § 3B1.1, cmt.. n.1); United States v. Duperval, 777 F.3d 1324, 1336 (11th Cir. 2015). In U.S. v. Anthony, the Sixth Circuit stated that, "[C]ourts 'uniformly count' as participants those who 'were (i) aware of the criminal objective, and (ii) knowingly offered their assistance.'" U.S. v. Anthony, 280 F.3d 694, 698 (6th Cir. 2002).

The government is aware of other participants including the individual that supplied and shipped the narcotics from California to Florida based, in part, on the statements of several other persons.

Ms. Candoff seeks a two level decrease pursuant to USSG § 3B1.2(b) as Ms. Candoff was substantially less culpable than the average participant in this offense involving Subject Parcel 1 and Subject Parcel 2 discussed in the revised PSR paragraphs 7-10. There is no evidence that either the manufacturer, supplier, or the ultimate purchaser of the narcotics has been prosecuted. Ms. Candoff coordinated to receive Subject Parcel 1, the cocaine, at her AirBnB and further transport it via Lyft to the ultimate purchaser of the narcotics - an individual in Melbourne, Florida.

Ms. Candoff never took possession of the methamphetamine contained in Subject Parcel 2. Presumably she would have fulfilled the same function with regard to the methamphetamine by shipping it to her customer in Melbourne. Ms. Candoff's customer in Melbourne had no direct connection to her supplier.

Ms. Candoff's limited role is contemplated by the Guidelines. Application Note 3(A) states that, "[F]or example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline." USSG § 3B1.2, appl. n.3(A). Ms. Candoff is being held accountable for only the quantity of drugs that she personally transported or stored related to Subject Parcels 1 and 2. Ms. Candoff's role was limited and while her role cannot be described as minimal, she is less culpable than most other participants.[1]

Ms. Candoff respectfully requests that this Honorable Court grant her a minor role pursuant to USSG § 3B1.2. If this Honorable Court determines that Ms. Candoff qualifies for a minor role pursuant to USSG § 3B1.2 then her offense level is lowered by two levels. USSG § 2D1.1(a)(5) would then operate to lower Ms. Candoff's offense level by an additional 3 levels. Ms. Candoff's total offense level would be 26 with a Criminal History Category I leading to a Guidelines range of between 63 and 78 months' imprisonment.

Respectfully submitted,

s/ **Robert W. Stickney**
Robert W. Stickney / Fla. Bar No. 883130
Counsel for Defendant
100 S.E. 3rd Avenue, Suite 2210
Fort Lauderdale, Florida 33394
Ph: (954) 767-8908
E-mail: rws@sticknelaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed by CM/ECF this 1st day of July 2022.

---

[1] Prior to February 2021, Ms. Candoff would sometimes ship narcotics from California to herself.

Respectfully submitted,

s/ **Robert W. Stickney**
Robert W. Stickney / Fla. Bar No. 883130
Counsel for Defendant
100 S.E. 3rd Avenue, Suite 2210
Fort Lauderdale, Florida 33394
Ph: (954) 767-8908
E-mail: rws@sticknneylaw.com